1  Jeffrey L. Fazio (SBN 146043) (jlf@fazmiclaw.com)
   Dina E. Micheletti (SBN 184141) (dem@fazmiclaw.com)
2  **FAZIO | MICHELETTI LLP**
   2410 Camino Ramon, Suite 315
3  San Ramon, CA  94583
   T:   925-543-2555
4  F:   925-369-0344

5  Thomas J. Misny, (*pro hac vice*) (misnynt@netscape.net)
   **THOMAS J. MISNY, M.D., INC.**
6  7319 Eagle Mills Road
   Waite Hill, OH  44094
7  T: 440-256-1950
   F: 440-256-1950.
8
   *Attorneys for Plaintiff Jeffrey Johnson, individually and*
9  *on behalf of all others similarly situated.*

10 Katherine M. Schon (SBN 288804) (katherine.schon@lw.com)
   **Latham & Watkins LLP**
11 140 Scott Drive
   Menlo Park, CA 94025
12 T: 650-328-4600
   F: 650-463-2600
13
   Mark S. Mester (*pro hac vice*) (mark.mester@lw.com)
14 Kathleen Lally (*pro hac vice*) (kathleen.lally@lw.com)
   **Latham & Watkins LLP**
15 330 North Wabash Ave., Suite 2800
   Chicago, IL 60611
16 T: 312-876-7700
   F: 312.993.9767
17
   *Attorneys for Defendant Schiff Nutrition International, et al.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFERY JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SCHIFF NUTRITION INTERNATIONAL, INC., a Delaware corporation, and RECKITT BENCKISER LLC, a Delaware limited liability company,<br><br>Defendants. | CASE NO. 4:15-cv-03669-PH<br><br>**CLASS ACTION**<br><br>~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER** |

1

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of materials applicable law regards as confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1   Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3   Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff, including contract attorneys and independent contractors).

2.4   Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6   Expert:  a person with specialized knowledge or experience in a matter pertinent to

the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7 House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9 Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (<u>e.g.</u>, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party may either (1) identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony or (2) serve a Notice of Designation on the Receiving Party identifying all Confidential Information no later than fourteen (14) days after receipt of the deposition transcript. Unless all parties agree otherwise on the record at time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information for a period of fourteen days after receipt of the deposition transcript. The party seeking to designate testimony as Confidential after receipt of a deposition transcript

shall bear any additional expenses imposed by the court reporter as a result of any changes that must be made to the transcript.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If a Party to this litigation, through inadvertence, fails to designate any Document as Confidential Information in accordance with the provisions of this Protective Order ("Incorrectly-Labeled Document"), the Designating Party may give written notice to the other parties that the Incorrectly-Labeled Document(s) should have been designated as Confidential Information and should be treated as such in accordance with the provisions of this Protective Order.  The parties to this litigation must treat Incorrectly-Labeled Document(s) as Confidential Information from the date such notice is received.

Within a reasonable time after receipt of such written notice as described in the paragraph above, the Receiving Party shall make a good-faith effort to provide any third-parties to whom the Incorrectly-Labeled Document(s) were disclosed with written notice (a) that identifies the Incorrectly-Labeled Document(s); (b) that states that the Designating Party has asserted that they contain Confidential Information; (c) that requests that the Incorrectly-Labeled Document(s) be returned or that such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A; and (d) that they not be further distributed or disclosed to the public.  In no event shall this provision be read to require the Receiving Party to identify the names of any third-party to whom the Receiving Party provided any Incorrectly-Labeled Documents and/or obligate the Receiving Party to ensure that third party complies with the Designating Party's request, provided that the Receiving Party has otherwise complied with this subsection.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for

[PROPOSED] STIPULATED PROTECTIVE ORDER
CASE NO. 4:15-cv-03669-PH
6

such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.         <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

        6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The challenge to the designation need not be any more specific than the designation itself; that is, if the Designating Party designates a Document or other material as Confidential Information without explaining the factual or legal basis for that designation, the Receiving Party's objection need not provide the factual or legal basis for the objection or provide any more detail than the designation itself.  Conversely, if the Designating Party provides a specific legal and/or factual basis for the designation of a particular Document or set of Documents as Confidential Information, the Receiving Party shall provide a specific legal and/or factual basis for the objection(s) as well. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, once the Designating Party has provided the basis for its Confidential Information designation(s), the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for retaining the chosen designation. A Challenging Party may proceed to the next

1  stage of the challenge process only if it has engaged in this meet and confer process first or
2  establishes that the Designating Party is unwilling to participate in the meet and confer process in a
3  timely manner.

4      6.3   Judicial Intervention.  If the Parties cannot resolve a challenge without court
5  intervention, the Designating Party shall file and serve a motion to retain confidentiality under
6  Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within (1) 30 days
7  of the initial notice of challenge or (2) at such other time upon agreement of the Parties or order of
8  the Court, provided that, if the Parties cannot agree on a revised schedule and a Court order to
9  enlarge time is not sought by the Designating Party within the time period set forth in 6.3(1), any
10 motion to retain confidentiality must be filed within the 30-day timeframe set forth in 6.3(1).  Each
11 such motion must be accompanied by a competent declaration affirming that the movant has
12 complied with the meet and confer requirements imposed in the preceding paragraph. Failure by
13 the Designating Party to make such a motion including the required declaration within the
14 applicable time shall automatically waive the confidentiality designation for each challenged
15 designation. In addition, the Challenging Party may file a motion challenging a confidentiality
16 designation at any time if there is good cause for doing so, including a challenge to the designation
17 of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision
18 must be accompanied by a competent declaration affirming that the movant has complied with the
19 meet and confer requirements imposed by the preceding paragraph. The burden of persuasion in
20 any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those
21 made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on
22 other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has
23 waived the confidentiality designation by failing to file a motion to retain confidentiality as
24 described above, all Parties shall continue to afford the material in question the level of protection
25 to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

    (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that in no event shall this Protective Order be read or construed to require that the Parties reveal the identities of their Experts before such Experts are required to be disclosed (if at all) under applicable law;

    (d) the court and its personnel;

    (e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

    (g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:  (a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; (b)  promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and  (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

    9.1  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

1  connection with this litigation is protected by the remedies and relief provided by this Order.
2  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking
3  additional protections.

4       9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-
5  Party's confidential information in its possession, and the Party is subject to an agreement with the
6  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

7          (a)  promptly notify in writing the Requesting Party and the Non-Party that some or
8  all of the information requested is subject to a confidentiality agreement with a Non-Party;

9          (b)  promptly provide the Non-Party with a copy of the Stipulated Protective Order
10 in this litigation, the relevant discovery request(s), and a reasonably specific description of the
11 information requested; and

12         (c)  make the information requested available for inspection by the Non-Party.

13      9.3    If the Non-Party fails to object or seek a protective order from this court within 14
14 days of receiving the notice and accompanying information, the Receiving Party may produce the
15 Non-Party's confidential information responsive to the discovery request. If the Non-Party timely
16 seeks a protective order, the Receiving Party shall not produce any information in its possession or
17 control that is subject to the confidentiality agreement with the Non-Party before a determination
18 by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense
19 of seeking protection in this court of its Protected Material.

20 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
22 Material (*i.e.,* material bearing the "Confidential" designation) to any person or in any
23 circumstance not authorized under this Stipulated Protective Order, the Receiving Party must
24 immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its
25 best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
26 persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request
27 such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is
28 attached hereto as Exhibit A.

11.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection (other than Confidential Information), the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Inadvertent or unintentional production of documents or information containing information that should have been designated as privileged shall not be deemed a waiver in whole or in part of the Party's claims of privilege. Pursuant to Fed. R. Evid. 502(b)-(d), if a Party has inadvertently or unintentionally produced information subject to a claim of immunity or privilege, upon written request made by the Producing Party within twenty-one (21) days of discovery, all copies of such information shall be returned to the Producing Party within seven (7) days of such request unless the Receiving Party intends to challenge the Producing Party's assertion of privilege or immunity.  If a Receiving Party objects to the return of such information within the seven (7) day period described above, the Producing Party may move the Court for an order compelling the return of such information.  Pending the Court's ruling, a Receiving Party may retain the inadvertently or unintentionally produced documents in a sealed envelope and shall not make any use of such information. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

In the event the Receiving Party has disclosed the inadvertently produced material to third-parties prior to being advised of the inadvertent production, the Receiving Party shall, within a reasonable time after receipt of such written notice as described in the paragraph above, make a good-faith effort to provide any third-parties to whom such inadvertently produced documents were disclosed with written notice (a) that identifies the documents; (b) that states that the Designating Party has asserted that they contain privileged or other protected material;

(c) that requests that the documents be returned; and (d) that they not be further distributed or disclosed to the public. In no event shall this provision be read to require the Receiving Party to identify the names of any third-party to whom the Receiving Party provided any inadvertently disclosed documents and/or obligate the Receiving Party to ensure that third party complies with the Designating Party's request, provided that the Receiving Party has otherwise complied with this subsection. In no event shall the Receiving Party be permit to argue that its disclosure of the inadvertently produced documents has waived the Disclosing Party's privilege or other protections.

12. <u>MISCELLANEOUS</u>

    12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: December 11, 2015            **FAZIO | MICHELETTI LLP**

                                    by   /s/ *Dina E. Micheletti*
                                         Dina E. Micheletti

                                    Attorneys for Plaintiff
                                    Jeffrey Johnston, on behalf of himself
                                    and all others similarly situated

DATED: December 11, 2015            **LATHAM & WATKINS LLP**

                                    by   /s/ *Kathleen Lally*
                                         Kathleen Lally

                                    Attorneys for Defendants
                                    Schiff Nutrition International, Inc., and
                                    Reckitt Benckiser LLC

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: December 14, 2015          _____
                                   Hon. Phyllis J. Hamilton
                                   United States District/Magistrate Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*