Jeffrey L. Fazio (146043) (jlf@fazmiclaw.com)
Dina E. Micheletti (184141) (dem@fazmiclaw.com)
**FAZIO | MICHELETTI LLP**
2410 Camino Ramon, Suite 315
San Ramon, CA 94583
T: 925-543-2555
F: 925-369-0344

Thomas J. Misny, (*pro hac vice*) (misnynt@netscape.net)
**THOMAS J. MISNY, M.D., INC.**
7319 Eagle Mills Road
Waite Hill, OH 44094
T: 440-256-1950
F: 440-256-1950

Attorneys for Plaintiff
Jeffrey Johnston, on behalf of himself
and all others similarly situated

**LATHAM & WAKTINS LLP**
Mark S. Mester (*pro hac vice*) (mark.mester@lw.com)
Kathleen P. Lally (*pro hac vice*) (kathleen.lally@lw.com)
330 N. Wabash Avenue, Suite 2800
Chicago, IL 60611
T: 312-876-7700
F: 312-993-9767

**LATHAM & WAKTINS LLP**
Katherine M. Schon (288804) (katherine.schon@lw.com)
140 Scott Drive
Menlo Park, CA 94025
T: 650-328-4600
F: 650-463-2600

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCHIFF NUTRITION INTERNATIONAL, INC., a Delaware corporation, and RECKITT BENCKISER LLC, a Delaware limited liability company,<br><br>Defendants. | No. 15-cv-03669-PJH<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER REGARDING WITHDRAWAL OF MOTION FOR CLASS CERTIFICATION AND VOLUNTARY DISMISSAL PURSUANT TO FRCP 41(a)** |

# STIPULATION

On May 15, 2017, the parties attended a mediation session before retired United States District Judge Wayne Andersen at the Chicago office of JAMS for the purpose of discussing the resolution of Plaintiff Johnston's individual (non-class) claims. On May 26, 2017, the parties agreed to a mediator's proposal and, after several weeks of negotiating the specific terms, the parties executed a formal settlement agreement on July 11, 2017.

As the Federal Rules Advisory Committee has observed,

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of 'a class action.' That language could be— and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. *See* Manual for Complex Litigation Third, § 30.41. The new rule requires approval only if the claims, issues, or defenses of a ***certified*** class are resolved by settlement, voluntary dismissal, or compromise.

Advisory Committee Notes, Committee Notes on Rules—2003 Amendments to Rule 23 (emphasis added). Nonetheless, some courts have applied a test that the Ninth Circuit devised before the 2003 amendment of Rule 23 to ascertain whether the settlement of a class action will adversely affect absent class members, even if only the named plaintiff's claims are resolved by the settlement. *See, e.g., Stern v. DoCircle, Inc.*, 2014 U.S. Dist. LEXIS 190466, at \*4 (C.D. Cal. May 19, 2014) ("court should inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests") (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)).

The settlement of Plaintiff Johnston's claims and the dismissal of this case will not prejudice anyone, because it cannot. No one could have relied on publicity

because, aside from a few reports in Law360.com and the like shortly after the case was filed in August 2015, there has been no publicity about this case. No related case has been filed since then, and the claims of absent class members have neither been settled nor compromised in any way.

In short, the only person affected by the settlement of Plaintiff Johnston's individual claims is Plaintiff Johnston. *See, e.g., Lyons v. Bank of Am., NA.*, 2012 U.S. Dist. LEXIS 168230, at *3-5 (N.D. Cal. Nov. 27, 2012). Accordingly, Plaintiff hereby withdraws his motion for class certification and the parties hereby stipulate to the dismissal of Plaintiff Johnston's individual claims with prejudice, and to the dismissal of the claims of absent class members without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and respectfully request that their stipulation be adopted as an order of the Court.

**IT IS SO STIPULATED**.

DATED: July 13, 2017          **FAZIO | MICHELETTI LLP**


By       /s/ *Jeffrey L. Fazio*
          Jeffrey L. Fazio[1]

Attorneys for Plaintiff
Jeffrey Johnston, on behalf of himself
and all others similarly situated


DATED: July 13, 2017          **LATHAM & WATKINS LLP**


by       /s/      *Kathleen Lally*
          Kathleen Lally

Attorneys for Defendants
Schiff Nutrition International, Inc., and
Reckitt Benckiser LLC

---

[1] Pursuant to Civil L.R. 5.1(i)(3), by the signature set forth above, Jeffrey L. Fazio hereby attests that the other signatory concurs in the filing of this document.

# [PROPOSED] ORDER

**IT IS SO ORDERED.**

July __14__, 2017.

_____
Hon. Phyllis J. Hamilton
United States District Judge

STIPULATION AND ~~PROPOSED~~ ORDER RE WITHDRAWAL OF MOTION FOR CLASS CERTIFICATION
AND VOLUNTARY DISMISSAL PURSUANT TO FRCP 41(A)